UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CR-00087-AGF |
| | ) | |
| GARVIS KING, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the United States' motion (ECF No. 72) for partial dismissal of the third-party claim of Petitioner Jamesha Brown or, in the alternative, for a more definite statement.[1] The United States argues that dismissal is warranted because Petitioner fails to state a claim under 21 U.S.C. § 853(n)(3). Petitioner has not responded to the motion, and the time to do so has passed. For the reasons set forth below, the motion will be granted.

## **BACKGROUND**

In September of 2019, the Federal bureau of Investigation ("FBI") began conducting controlled purchases of drugs from Defendant Garvis King. In March of 2020, after a number of such controlled purchases, the FBI executed a search warrant at 4102 Walsh St., in St. Louis, Missouri. At the time of the search, Defendant and Petitioner were

---

[1] Although the United States does not label its motion as one for partial dismissal, it states in the motion that it is only seeking dismissal of some, but not all, of Petitioner's claim to certain property forfeited from Defendant in this case.

present in the residence.  During the search, investigators found and seized cash, drugs, a number of firearms, ammunition, and magazines from the residence.

Defendant was thereafter charged in a five-count indictment with distributing heroin/fentanyl, distributing fentanyl, possessing with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c).  On April 9, 2024, Defendant pled guilty to one count of knowing and intentional distribution of fentanyl and, in so doing, agreed to forfeit certain property, including the property seized by investigators during the search warrant.

Upon the United States' motion, this Court thereafter entered a Preliminary Order of Forfeiture extinguishing King's interest in certain property, including but not limited to the following:

a. approximately $16,894.00 U.S. Currency;

b. a Beretta PX4 Storm .40 caliber Pistol, SN: PY35803;

c. a Beretta USA Corp BU9 Nano 9mm Pistol, SN: NU023648;

d. a Taurus PT111 G2 9mm Pistol, SN: TJR42525;

 e. a Mossberg 715T .22 LR Rifle, SN: EPF4195342;

f. a Ruger SR40 .40 caliber Pistol, SN: 342-21845;

g. a Romarm/Cugir Draco 7.62 x 39 caliber Pistol, SN: DC-8645-11;

 h. a Shooters Arms Manufacturing Titan .45 caliber Pistol, SN: TB118770;

i. a weapon light; and

2

j. miscellaneous magazines and ammunition.

ECF No. 52.

The Order required the United States to publish notice of the forfeiture and to send notice to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture. The United States sent a written notice of forfeiture via both regular mail and email to Petitioner. The notice described the subject property and the procedure for filing a petition with the Court to contest forfeiture of the subject property. The notice explicitly stated that the petition "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)." ECF No. 66; *see also* 21 U.S.C. § 853(n)(3) (setting forth requirements for such petitions). Attached to the notice was a letter advising Petitioner to "pay close attention to the instructions set forth in the Notice of Forfeiture," and that "[f]ailure to follow those instructions may result in losing the ability to assert an interest in the property." ECF Nos. 72-1 & 72-2.

On September 5, 2024, Petitioner filed a pro se Petition claiming an interest in the following property forfeited from Defendant (hereafter, the "Subject Property"):

a. approximately $16,894.00 U.S. Currency;

b. a Ruger SR40 .40 caliber Pistol, SN: 342-21845;

c. a Romarm/Cugir Draco 7.62 x 39 caliber Pistol, SN: DC-8645-11;

3

d. a Shooters Arms Manufacturing Titan .45 caliber Pistol, SN: TB118770;

e. a weapon light; and

f. miscellaneous magazines and ammunition.

ECF No. 68. In support of her claim, Petitioner stated that [her] property was seized on March 3, 2020 in a criminal case against Defendant, and that on the day of Defendant's arrest, she "told law enforcement the safe in the home belonged to [her], as well as the items listed above." *Id.* Petitioner also described the financial hardship that she suffered after the items were seized, and stated that the "firearms [were] purchased by [her] and [she has] receipts for them." *Id.* However, Petitioner did not attach the receipts or provide further facts in support of her claim.

The United States now moves to dismiss Petitioner's claim with respect to the approximately $16,894.00 U.S. Currency; the Romarm/Cugir Draco 7.62 x 39 caliber Pistol, SN: DC-8645-11; and the miscellaneous magazines and ammunition. The United States concedes Petitioner's claim to two other firearms (the Ruger SR40 .40 caliber Pistol, SN: 342-21845 and the Shooters Arms Manufacturing Titan .45 caliber Pistol, SN: TB118770).[2] Alternatively, the United States moves for a more definite statement of Petitioner's claims.

---

[2]    The United States does not mention the "weapon light" that is listed in the Preliminary Order of Forfeiture and in Petitioner's pro se claim. Therefore, the Court presumes that the United States does not seek dismissal of Petitioner's claim to the weapon light.

4

In support of its motion, the United States argues that, despite the clear notice, Petitioner failed to provide any information to support her claim to the items listed.  With respect to the currency and miscellaneous magazines and ammunition, the United States notes that Petitioner provides no facts describing her acquisition of the right, title, or interest in the property.  With respect to the firearms, the United States notes that, despite alleging she had receipts for the claimed firearms, Petitioner failed to include such receipts.  However, the United States contends that Petitioner did provide a receipt dated January 5, 2020, to the FBI for a Ruger SR40 and another firearm (the writing on the receipt is not completely legible) [3] purchased from Guns and Ammo LLC in St. James, Missouri as part of the administrative forfeiture process.  The United States has attached a copy of this receipt to its motion.  *See* ECF No. 72-5.  Further, the United States concedes that traces for the Shooters Arms Manufacturing Titan .45 caliber Pistol, SN: TB118770 and the Ruger SR40 .40 caliber Pistol, SN: 342-21845 show these two firearms were purchased by Petitioner in January 2020 from Guns and Ammo LLC in St. James, Missouri.  *See* ECF Nos. 72-3 & 72-4.  The United States further concedes that a database check notes that Petitioner is not a prohibited person at this time.  Therefore, the United States concedes Petitioner's claim on these two firearms.

However, the United States argues that the trace for the Romarm/Cugir Draco 7.62 x 39 caliber Pistol, SN: DC8645-11 returns to a different person. *See* ECF No. 72-6.

---

[3]      From the Court's review, the second item listed on the receipt does not match the description of any of the items listed among the Subject Property.

According to the United States, this other person was noticed by the FBI during the administrative forfeiture process, and she filed a claim for the firearm but has not filed a claim in this case. The United States maintains that Petitioner has failed to provide a receipt for this firearm in her claim, and she has not addressed how her claim is superior to anyone else or if she is a bona fide purchaser from another.

As noted above, Petitioner has not responded to the motion, and the time to do so has passed.

## DISCUSSION

The United States may move to dismiss a third-party petition under Federal Rule of Criminal Procedure 32.2(c)(1)(A) "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). The Court applies the same standard as it would to a motion to dismiss under Federal Rule of Civil Procedure 12(b), meaning that the Court assumes the facts set forth in the petition are true but is not required to accept legal conclusions; further, the petitioner must state enough facts to state a claim to relief that is plausible on its face. *See United States v. Haning*, 479 F. Supp. 3d 803, 805 (E.D. Mo. 2020); *see also United States v. White*, 675 F.3d 1073, 1077 (8th Cir. 2012). "If a third party fails to allege in its petition all elements necessary for recovery, including those related to standing, the court may dismiss the petition without providing a hearing." *White*, 675 F.3d at 1077 (citation omitted).

"To establish constitutional standing, a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized

6

property." *Id.*   This can be shown by "actual possession, control, title, and financial

stake." *Id.*  Statutory standing under § 853(n) requires that a petitioner demonstrate a legal

interest in the seized property.  *Id.*

In particular, a petitioner must meet the pleading requirements in § 853(n)(3), which

states:

> The petition shall be signed by the petitioner under penalty of perjury and shall
> set forth the nature and extent of the petitioner's right, title, or interest in the
> property, the time and circumstances of the petitioner's acquisition of the right,
> title or interest in the property, any additional facts supporting the petitioner's
> claim, and the relief sought.

"Without the information required by § 853(n)(3), courts cannot assess whether a

petitioner asserts a 'legal interest' in forfeited property."  *United States v. Caruthers*, 765

F.3d 843, 845 (8th Cir. 2014).

Upon careful consideration, and noting the lack of opposition by Petitioner, the

Court agrees with the United States that Petitioner has not satisfied the pleading

requirements in § 853(n)(3).  She has made no attempt to explain the "nature and extent"

or "circumstances of [her] acquisition" of any right, title, or interest in the Subject

Property.  Further, as the United States has noted, there is strong documentary evidence

contradicting Petitioner's claim to the disputed Romarm/Cugir Draco 7.62 x 39 caliber

Pistol, SN: DC8645-11.  *See, e.g.*, *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d

Cir. 1989) ("[A] naked claim of possession, as in the instant case, is not enough. There

must be some indication that the claimant is in fact a possessor, not a simple, perhaps

unknowing custodian, some indicia of reliability or substance to reduce the likelihood of a

false or frivolous claim."). As such, Petitioner's claim is statutorily insufficient and should be dismissed to the extent requested by the United States. *See Caruthers*, 765 F.3d at 845 (affirming dismissal of petition that failed to satisfy § 853(n)(3) and therefore did not state a legal interest).

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion for partial dismissal of the third-party claim of Petitioner Jamesha Brown is **GRANTED**. ECF No. 72.

**IT IS FURTHER ORDERED** that Jamesha Brown's Petition regarding the seized property (ECF No. 68) is **DISMISSED in part with prejudice**, with respect to the approximately $16,894.00 U.S. Currency; the miscellaneous magazines and ammunition; and the Romarm/Cugir Draco 7.62 x 39 caliber Pistol, SN: DC-8645-11.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated 4th day of August, 2025.

8